ASHLEY GILSON *et al.* v. JOHN J. HAYS, *as Administrator of the Estate of William Spencer, deceased.*

No. 8.

TRIAL—*Variance between Pleadings and Evidence Waived.* Where the court, the litigants and counsel all proceed in the trial of an action upon an erroneous theory as to the issues that are actually joined by the pleadings, and the matters in dispute are fairly litigated in such action, and it is clearly evident that the defeated party was not prejudiced thereby, the objection that there was a variance between the issues joined by the pleadings and the questions actually litigated cannot be considered, when presented for the first time in this court.

MEMORANDUM.—Error from Osborne district court; CYRUS HEREN, judge. Action on contract brought by William Spencer (now deceased) against Ashley and Roselsa Gilson. Judgment for plaintiff. Defendants bring the case here. Affirmed. The opinion herein, filed January 9, 1896, states the material facts.

*Robinson & McBride*, for plaintiffs in error.

*J. C. Pitts*, and *Smith & Nicholas*, for defendant in error.

The opinion of the court was delivered by

CLARK, J.: On August 19, 1890, William Spencer brought this action in the district court of Osborne

county against Ashley Gilson and Roselsa Gilson. The plaintiff was about 79 years of age and in·feeble death, and the defendants were his son-in-law and daughter respectively. The petition was very inartistically drawn; in fact, it is difficult to ascertain from a critical examination of it the nature of the cause of action upon which the plaintiff based his right to recover; and yet, when the pleadings are construed as a whole, together with the evidence that was submitted by the parties to the action, the instructions of the court and the verdict of the jury, together with the other proceedings had upon the trial, it is evident that the questions fairly litigated were as to whether or not the defendants had been legally released from the obligation assumed by them under a certain contract entered into on or about the 6th day of September, 1888, by the terms of which the. plaintiff agreed to convey to the defendant Ashley Gilson the homestead upon which Mr. Spencer was then residing, being a quarter-section of improved farming land in Osborne county upon which there was a mortgage of $1,000, the defendants undertaking and agreeing to supply the plaintiff with all necessary food, clothing, shelter, and warmth, together with other necessaries for his comfort and sustenance in defendants' family for and during the term of his natural life, the defendant Ashley Gilson assuming and agreeing to pay the mortgage for $1,000; and if this question should be determined adversely to the defendants, then the amount which plaintiff was entitled to recover as damages for a breach of the contract should be determined. The trial proceeded upon the theory that these were the issues joined, and therefore a similar construction of the pleadings will be adopted by this court. The jury returned a verdict

in favor of the plaintiff, assessing his damages at $761, and a judgment was rendered against the defendants in accordance therewith.   To reverse this judgment, the defendants have brought the case to this court.   Since the petition in error was filed the death of the plaintiff below has been suggested, and the administrator of his estate has been duly substituted as defendant in error.

There is no contention as to the terms of the contract entered into between the parties, but the plaintiffs in error pleaded in bar of plaintiff's right to recover, that for a valuable consideration they were, on November 6, 1888, duly released from their obligation to support the plaintiff.   They admit the execution and delivery of the deed in pursuance of the original contract, and that they moved into the dwelling-house on the Spencer homestead and took actual possession of the farm, under the deed, and also looked after and cared for Mr. Spencer's personal property, which consisted of live stock, farming implements, and household furniture, which was on the place at that time.   They claim that soon thereafter Mr. Spencer transferred to Ashley Gilson all of the said personal property, the same then being in the virtual possession of the plaintiffs in error, and that the sole inducement for such transfer was that, as Mr. Spencer was at that time indebted to various parties for certain farming implements, as well as for the expenses incurred incident to the recent sickness, death and burial of his wife, his creditors would be likely to take his property from him, unless he otherwise disposed of it; and that in order to avoid the payment of this indebtedness he gave this property to Mr. Gilson.   This claim was, however, refuted by the plaintiff below, who testified that after the contract

had been consummated upon his part by the execution and delivery of the deed, and the defendants had gone into possession of the farm, Mr. Gilson said to him : "You might just as well let me have the rest of the property ; you are old, and it is a bother to you." To which he replied : "After I am dead and buried, all will be yours." He also testified that that was the substance of the conversation, and that he did not give the personal property to Mr. Gilson. Soon afterward a controversy arose between the plaintiff and Mrs. Gilson, growing out of a desire on the part of the former to transfer a bed, claimed by him, to the residence of a neighbor, with whom he was stopping temporarily. Mrs. Gilson refused to allow him to remove the bed from the premises, and the plaintiff claimed that as a result of that altercation, and without sufficient provocation therefor, he was driven from the home of the defendants and compelled to seek refuge and support elsewhere. He also claimed that the circumstances attending the execution of the release, pleaded in bar by the defendants, were such that he was not bound thereby ; that because of his infirmity both of mind and body, and his incapacity by reason thereof to manage his affairs, of which fact the defendants had full knowledge, and with the intent to wrong him and to secure a discharge from their obligation to support him, they refused him possession of certain personal property claimed by him, except upon the condition that he sign said release. This, however, is denied by the defendants, who claim to have dealt fairly and honorably with the plaintiff in the premises, and that they purchased such release upon sufficient consideration therefor. The evidence in support of the claims of the respective parties is very unsatisfactory and con-

flicting, save as to the terms of the original contract entered into by them, and yet we do not feel warranted in saying that the general verdict of the jury in favor of the plaintiff was not supported by the evidence, or that there is an irreconcilable conflict between the general verdict and the special findings of fact.

As the instructions asked by the plaintiffs in error which were refused by the court were substantially covered by the general instructions, which stated the law applicable to the case, the questions of fact having been determined by the jury in favor of the plaintiff below, the verdict having been approved by the trial court, and no prejudicial error appearing in the record, it follows that the judgment must be affirmed.

All the Judges concurring.